UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00151-RLY-MJD |
| | ) | |
| DASHAUN BUSH, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S
MOTION FOR RECONSIDERATION OF DETENTION ORDER**

## I.   Introduction

This matter is before the Court on Defendant Dashaun Bush's Motion for Reconsideration of Detention Order [Filing No. 37], asserting that pretrial detention presents a danger to his health due to his vulnerability to the Coronavirus ("COVID-19") pandemic. The Government filed a Response in Opposition. [Filing No. 41.] For the following reasons, the motion is granted.

## II.  Background

Bush was indicted on May 7, 2019, and charged with two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Filing No. 5.] He had a detention hearing on June 7, 2019, at which the Court granted the Government's motion for pretrial detention and ordered Bush detained pending trial. [Filing No. 19.] The Court subsequently entered a pretrial detention order, concluding that the Government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. In reaching this conclusion, the Court found that the

weight of evidence against Bush is strong, he will be subject to a lengthy period of incarceration if convicted, a lengthy prior criminal history, history of violence or use of weapons, lack of stable employment, previous failures to appear in court as ordered, and prior violations of probation, parole, or supervised release.  [Filing No. 22, at ECF p. 2-3.]

Bush asks the Court to reconsider the detention order issued by this Court denying his release on June 20, 2019, because of changed circumstances in jails and prisons across the country due to the COVID-19 pandemic.  He seeks pretrial release on conditions pursuant to 18 U.S.C. § 3142(i).  [Filing No. 41.]  The Government opposes the motion, arguing Bush's COVID-19 motion raises no valid changed circumstances relating uniquely to him.  Rather, the Government contends that Bush makes only broad and unsubstantiated claims regarding conditions at the jail considering the worldwide spread of COVID-19 and argues that such speculation cannot justify Bush's release.  The Government also notes that the Hamilton County Jail, where Bush is currently detained, has taken aggressive steps to counter the spread of the COVID-19 virus at its facility.  Finally, the Government asserts that nothing in Bush's motion alters his risk of flight or the danger he poses to the community should he be released.  [Filing No. 41.]

### III.    Analysis

As an initial matter, the Court determines a hearing is not necessary to address Bush's motion.  A detention hearing under 18 U.S.C. § 3142 "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

18 U.S.C. § 3142(f). Furthermore, the Bail Reform Act provides for the "temporary release" of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C § 3142(i).

Bush seeks release from detention because of the increased risk COVID-19 has on the elderly and those with underlying health conditions. There is no question that the entire United States, including Indiana and Kentucky, is in the midst of the COVID-19 pandemic. The virus has spread quickly across the country, and statistics regarding the number of persons infected by COVID-19 rapidly change from day to day. *See, e.g.,* Coronavirus Map: Tracking the Spread of the Outbreak, The New York Times (May 14, 2020), at https://www.nytimes.com/interactive/2020/world/coronavirus-maps.html. Indiana alone has over 26,000 reported positive cases and over 1,500 deaths. *See* 2019 Novel Coronavirus (COVID-19), IN.gov (May 14, 2020), at https://www.coronavirus.in.gov/. As guidance and protocols continue to update and evolve, this Court has issued multiple general orders recognizing and responding to the ongoing public health emergency due to COVID-19. *See, e.g., In re: Continued Court Operations Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus*, General Order (S.D. Ind. May 12, 2020); *In re: COVID-19 – Court Proceedings, Courthouse Closures, Security Screening, and Probation*, General Order (S.D. Ind. Mar. 20, 2020); *In re: Court Operations Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus*, General Order (S.D Ind. Mar. 13, 2020).

Similarly, Attorney General William Barr sent a memo to federal prosecutors on April 6, 2020, advising them to take the COVID-19 pandemic into consideration when deciding whether to seek pretrial detention for criminal defendants. *See* William Barr, Memorandum for All

Heads of Department Components and All United States Attorneys, *Litigating Pre-Trial Detention Issues During the COVID-19 Pandemic* (April 6, 2020), *available at* https://www.law360.com/articles/1260965/attachments/0. Barr also noted, however, that controlling weight should still be given to public safety. *Id.* ("As always, controlling weight should be given to public safety, and under no circumstance should those who present a risk to any person or the community be released. But the current COVID-19 pandemic requires that we also ensure we are giving appropriate weight to the potential risks facing certain individuals from being remanded to federal custody. Each case must be evaluated on its own, and where appropriate, the risks the pandemic presents should be part of your analysis[.]").

In addition, this Court and others around the country have recently considered the issue of the COVID-19 pandemic as it relates to motions to reconsider a detention order. Many have found that a generalized threat of the existence, spread, and exposure to COVID-19 while detained, though undeniably concerning, presents no reasonable basis to reevaluate a detention order or order for the wholesale release of detainees. *See, e.g., United States v. Howard*, No. 1:19-cr-00255-TWP-MJD, 2020 WL 1599693, at *2 (S.D. Ind. April 1, 2020) ("Howard's Motion provides no 'changed circumstances' or other compelling reason justifying his immediate release from pretrial detention."); Order, *United States v. Overton*, 4:19-cr-0023-SEB-DML, ECF No. 46 (S.D. Ind. Mar. 24, 2020) ("Although [the defendant's motion for release from custody] provides facts relating to the COVID-19 pandemic and to general concerns regarding prisons, it does not provide any particularized facts about Mr. Overton that permit the Court to weigh these concerns in a meaningful context."); *United States v. Sanders*, No. 19-CR-20037-01-DDC, 2020 WL 1528621, at *5 (D. Kansas Mar. 31, 2020) ("On balance, Mr. Sanders has not shown a compelling reason that persuades the court that temporary release is necessary under §

3142(i). His arguments are speculative."); *United States v. Clark*, No. 19-CR-40068-01-HLT, 2020 WL 1446895, at *8 (D. Kansas Mar. 25, 2020) ("On balance, Mr. Clark has not established compelling reasons sufficient to persuade the court that temporary release is necessary. He has established only that his status as a diabetic puts him at an increased risk for experiencing severe illness if he were to contract COVID-19. His arguments regarding the risk of an outbreak at his facility [are] speculative.").

However, a more specific and detailed threat based on a defendant's personal health or other characteristics may be sufficiently material to warrant a modification. *See, e.g.,* Order, *United States v. Johnson*, 1:19-cv-00214-TWP-TAB, ECF. No. 58, at *3 (S.D. Ind. April 1, 2020) ("The Court finds the COVID-19 pandemic and Johnson's health condition [(61 years old, sleep apnea)] has created a compelling reason for Johnson's release from detention."); *United States v. Garcha*, 19-cr-00663-EJD-1, 2020 WL 1593942, at *4 (N.D. Cal. April 1, 2020) ("Here, the Court is persuaded that the proffers of evidence from Mr. Garcha's treating physicians, together with the other evidence and public reports on which Mr. Garcha relies, support his contention that his individual circumstances—a compromised immune system and lung damage due to a pulmonary embolism—render him particularly susceptible to infection from the COVID-19 virus while in custody and particularly at risk of severe illness or death as a result of such infection."); *United States v. Perez*, 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) ("The Court's decision in this case is based on the unique confluence of serious health issues and other risk factors facing this defendant, including but not limited to the defendant's serious progressive lung disease and other significant health issues, which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19 as compared to most other individuals.").

In this case, Bush, who is 40 years old, recites his health history and argues that it renders him even more susceptible to COVID-19 than the average person.  The Court is aware that Bush has a criminal history dating back to age 17, with multiple prior felony convictions, probation violations, and failures to appear.  In addition, he is currently detailed at Hamilton County Jail, which has taken steps to address COVID-19.  But the charges pending against him in Marion County, where Bush previously appeared in the instant case, have since been dismissed.  More importantly, Bush has the type of medical issues that put him at an increased risk for COVID-19.  Bush suffers from asthma, high blood pressure, seizures, and morbid obesity.  In addition, he has not been charged with a crime of violence, but rather two counts of being a felon in possession of a firearm.  Despite Bush's criminal history, he has no history of violence.  And although the case is set for trial on June 22, 2020, the COVID-19 pandemic has disrupted proceedings such that it is unknown when this case will proceed to trial.  Moreover, Bush has identified a suitable place he can reside, and the Court finds that, on balance, there are conditions that could be imposed that would diminish the risk of releasing him.  Therefore, Bush's motion is granted.

**IV.    Conclusion**

For the reasons set forth above, Bush's Motion for Reconsideration of Detention Order [Filing No. 37] is granted.  Bush shall be released subject to conditions which the Court will set forth in a separate order.  The Pretrial Services Officer and Bush's counsel shall review Bush's conditions of release with him.  The Court does not anticipate holding a hearing to review the release conditions with Bush but will do so if his counsel files a motion.

Date: 5/15/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

All ECF-registered counsel of record via email